# UNITED STATES DISTRICT COURT
for the
Eastern District of Missouri

| | |
|---|---|
| In the Matter of the Search of<br>IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH FREERKELLY0302@GMAIL.COM; KASHDAGREAT11@GMAIL.COM; TKILBERT17@GMAIL.COM; SEKE.KILBERT@ICLOUD.COM; LILRODAPE@ICLOUD.COM; 786-786-5887 (MARRISSA DIANE WORTHEN); AND 678-873-8509 (CARLOS MENDELL GIPSON) THAT ARE STORED AT PREMISES CONTROLLED BY APPLE, INC. (See attachment A). | Case No. 4:24 MJ 2003 JSD<br><br>**FILED UNDER SEAL**<br><br>SIGNED AND SUBMITTED TO THE COURT FOR FILING BY RELIABLE ELECTRNOIC MEANS |

## SEARCH AND SEIZURE WARRANT

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the ___Northern___ District of ___California___
*(identify the person or describe the property to be searched and give its location)*:

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

### SEE ATTACHMENT B

**YOU ARE COMMANDED** to execute this warrant on or before ___February 11, 2024___ *(not to exceed 14 days)* in the daytime 6:00 a.m. to 10:00 p.m.   X at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to ___Joseph S. Dueker___.
*(United States Magistrate Judge)*

❏   Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
❏ for _____ days *(not to exceed 30)*   ❏ until, the facts justifying, the later specific date of _____.

**Sworn to, attested to, and affirmed before me via reliable electronic means pursuant to Federal Rules of Criminal Procedure 4.1 and 41.**

Date and Time issued:   January 29, 2024 @ 10:30am     _____
                                                                *Judge's signature*

City and State:   St. Louis, MO          Honorable Joseph S. Dueker, U.S. Magistrate Judge
                                                                *Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (page 2)

| | **Return** | |
|---|---|---|
| Case No.:<br>4:24 MJ 2003 JSD | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of:

Inventory of the property taken and name of any person(s) seized:

**Certification**

  I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A
## 4:24 MJ 2003 JSD

**Property to Be Searched**

This warrant applies to information associated with Apple ID and user identifiers: **freerkelly0302@gmail.com; kashdagreat11@gmail.com; tkilbert17@gmail.com; seke.kilbert@icloud.com; lilrodape@icloud.com; 786-786-5887 (Marisssa Diane WORTHEN);** and **678-873-8509 (Carlos Mendell GIPSON)** ("subject accounts") that are stored at premises owned, maintained, controlled, or operated by Apple, Inc., a company headquartered at One Apple Park Way, Cupertino, California 95014.

## ATTACHMENT B
## 4:24 MJ 2003 JSD

### Particular Things to be Seized

**I.     Information to be disclosed by Apple**

To the extent that the information described in Attachment A is within the possession, custody, or control of Apple, regardless of whether such information is located within or outside of the United States, including any messages, records, files, logs, or information that have been deleted but are still available to Apple, or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Apple is required to disclose the following information to the government, in unencrypted form whenever available, for each account or identifier listed in Attachment A:

a. All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers, email addresses (including primary, alternate, rescue, and notification email addresses, and verification information for each email address), the date on which the account was created, the length of service, the IP address used to register the account, account status, associated devices, methods of connecting, and means and source of payment (including any credit or bank account numbers);

b. All records or other information regarding the devices associated with, or used in connection with, the account (including all current and past trusted or authorized iOS devices and computers, and any devices used to access Apple services), including serial numbers, Unique Device Identifiers ("UDID"), Advertising Identifiers ("IDFA"), Global Unique Identifiers ("GUID"), Media Access Control

("MAC") addresses, Integrated Circuit Card ID numbers ("ICCID"), Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifiers ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Numbers ("MSISDN"), International Mobile Subscriber Identities ("IMSI"), and International Mobile Station Equipment Identities ("IMEI");

  c. The contents of all emails associated with the account **from June 27, 2023 through October 13, 2023**, including stored or preserved copies of emails sent to and from the account (including all draft emails and deleted emails), the source and destination addresses associated with each email, the date and time at which each email was sent, the size and length of each email, and the true and accurate header information including the actual IP addresses of the sender and the recipient of the emails, and all attachments;

  d. The contents of all instant messages associated with the account **from June 27, 2023 through October 13, 2023**, including stored or preserved copies of instant messages (including iMessages, SMS messages, and MMS messages) sent to and from the account (including all draft and deleted messages), the source and destination account or phone number associated with each instant message, the date and time at which each instant message was sent, the size and length of each instant message, the actual IP addresses of the sender and the recipient of each instant message, and the media, if any, attached to each instant message;

e. The contents of all files and other records stored on iCloud, including all iOS device backups, all Apple and third-party app data, all files and other records related to iCloud Mail, iCloud Photo Sharing, My Photo Stream, iCloud Photo Library, iCloud Drive, iWork (including Pages, Numbers, Keynote, and Notes), iCloud Tabs and bookmarks, and iCloud Keychain, and all address books, contact and buddy lists, notes, reminders, calendar entries, images, videos, voicemails, device settings, and bookmarks;

f. All activity, connection, and transactional logs for the account (with associated IP addresses including source port numbers), including FaceTime call invitation logs, messaging and query logs (including iMessage, SMS, and MMS messages), mail logs, iCloud logs, iTunes Store and App Store logs (including purchases, downloads, and updates of Apple and third-party apps), My Apple ID and iForgot logs, sign-on logs for all Apple services, Game Center logs, Find My iPhone and Find My Friends logs, logs associated with web-based access of Apple services (including all associated identifiers), and logs associated with iOS device purchase, activation, and upgrades;

g. All records and information regarding locations where the account or devices associated with the account were accessed, including all data stored in connection with Location Services, Find My iPhone, Find My Friends, and Apple Maps;

h. All records pertaining to the types of service used;

3

   i. All records pertaining to communications between Apple and any person regarding the account, including contacts with support services and records of actions taken; and

   j. All files, keys, or other information necessary to decrypt any data produced in an encrypted form, when available to Apple (including, but not limited to, the keybag.txt and fileinfolist.txt files).

Apple is hereby ordered to disclose the above information to the government within 14 days of the date of this warrant.

**II.** **Information to be seized by the United States**

All information described above in Section I that constitutes evidence of violations of Title 18, United States Code, Section 2114(a) (robbery of mail, money, or other property of the United States); Title 18, United States Code, Section 2114(b) (possession of property received through robbery); Title 18, United States Code, Section 1704 (keys or locks stolen or reproduced); Title 18, United States Code, Section 1708 (theft or receipt of stolen mail matter generally); and Title 18, United States Code, Section 371 (conspiracy) during the period **June 27, 2023 through October 13, 2023.**

   a. Evidence of communications between and among WORTHEN, WALKER, BAILEY, GIPSON, GAINES, COMPTON, MAYBERRY, and KILBERT, and others known and unknown, relating to the Subject offenses;

   b. Location information;

  c. Evidence of travel between Georgia and Missouri, or other states, including but not limited to, contacts with Georgia residents and businesses, accommodation reservations in or en route to or from Georgia and Missouri, or other states;

  d. Evidence relating to WORTHEN, WALKER, BAILEY, GIPSON, GAINES, and/or KILBERT's acquisition or possession of Arrow keys; mail, access device cards, or other identification documents in other persons' names;

  e. Photographs, videos, messages, and documents relating to the commission of the Subject offenses;

  f. Evidence of Internet and mobile application activity, including Internet Protocol addresses, caches, browser history and cookies, bookmarked webpages, search terms, stored passwords, or user-typed web addresses relating to the Subject offenses;

  g. The identity of the person(s) who created or used the Apple ID, including records that help reveal the whereabouts of such person(s);

  h. Evidence indicating how and when the account was accessed or used, to determine the chronological and geographic context of account access, use and events relating to the crime under investigation and the account subscriber;

  i. Any records pertaining to the means and source of payment for services (including any credit card or bank account number or digital money transfer account information);

j.      Evidence indicating the subscriber's state of mind as it relates to the crime under investigation; and

k.      Evidence that may identify any co-conspirators or aiders and abettors, including records that help reveal their whereabouts.

## **CERTIFICATE OF AUTHENTICITY OF DOMESTIC RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE 902(11) AND 902(13)**

I, _____, attest, under penalties of perjury by the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this certification is true and correct. I am employed by **Apple**, and my title is _____. I am qualified to authenticate the records attached hereto because I am familiar with how the records were created, managed, stored, and retrieved. I state that the records attached hereto are true duplicates of the original records in the custody of **Apple**. The attached records consist of _____. I further state that:

a. all records attached to this certificate were made at or near the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matters, they were kept in the ordinary course of the regularly conducted business activity of **Apple**, and they were made by **Apple** as a regular practice; and

b. such records were generated by **Apple's** electronic process or system that produces an accurate result, to wit:

1. the records were copied from electronic device(s), storage medium(s), or file(s) in the custody of **Apple** in a manner to ensure that they are true duplicates of the original records; and

2. the process or system is regularly verified by **Apple**, and at all times pertinent to the records certified here the process and system functioned properly and normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

_____   _____
Date                                                              Signature